# IN THE COURT OF APPEALS OF IOWA

No. 14-1383
Filed November 12, 2015

**CITY OF DES MOINES,**
      Plaintiff-Appellee,

**vs.**

THE ESTATE OF RICHARD L.
CLARK AND ALL KNOWN AND
UNKNOWN HEIRS, RICHARD L.
CLARK II, and RICHARD L. CLARK,
      Defendants,

**And**

**MARK OGDEN,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.


      A property owner appeals the district court's decision finding he violated

the city zoning code.  **AFFIRMED.**


      Daniel L. Manning and Joel B. Templeman of Lillis, O'Malley, Olson,

Manning, Pose & Templeman, L.L.P., Des Moines, for appellant.

      Thomas G. Fisher Jr. and Vicky Lynn Long Hill, Assistant City Attorneys,

Des Moines, for appellee.

      Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

In November 2013, the City of Des Moines filed a second amended petition for an injunction against the Estate of Richard Clark and Mark Ogden, asserting certain property owned by the defendants was in violation of the municipal code. The City asked for an order enjoining the owners from continued unlawful use of the property and directing the property owners to bring the property into compliance with the municipal code. The matter was tried to the bench on July 1, 2014, and the court granted the City's petition, enjoining the property owners from the unlawful use of the land in question not in compliance with the municipal code, ordering the removal of vehicles not in compliance, mandating the property be brought into compliance and the owners obtain a certificate of occupancy within ninety days, and granting the City the ability to seek court permission to take corrective action should the owners not act.

Ogden appeals the decision of the district court asserting the City was equitably estopped or estopped by acquiescence from demanding he bring the property into compliance with the zoning ordinances based on a site drawing prepared by a city employee in 2003. Ogden also claims the court incorrectly determined he unlawfully expanded his legal nonconforming use by storing vehicles on the property of a neighboring mobile home park. He claims the vehicles in the pictures submitted by the City show those vehicles in the mobile home lot were not for sale but were simply being stored there.

We conclude Ogden did not preserve error on his claim that the City should be equitably estopped or estopped by acquiescence. Both claims are

affirmative defenses. *Markey v. Carney*, 705 N.W.2d 13, 21 (Iowa 2005). Neither claim was raised in Ogden's answer, nor does it appear the claims were raised at trial. The district court did not address either claim in its ruling, and Ogden did not file a motion under Iowa Rule of Civil Procedure 1.904(2) requesting the court to rule on the claims. Where the district court has not been presented with an issue and ruled on it, we decline to address it on appeal. *Lee v. State*, 815 N.W.2d 731, 739 (Iowa 2012) ("We recognize the fundamental doctrine of appellate review that issues must be raised in the district court before we may review them on appeal."). Ogden's assertion that his notice of appeal preserved error for his claims is incorrect. *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (Fall 2006) ("However error is preserved, it is not preserved by filing a notice of appeal. While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation. In fact, the two concepts are mutually exclusive. . . . While a timely notice of appeal may be necessary for the appellate courts to acquire jurisdiction, it is not sufficient to preserve error.").

As to Ogden's second claim, the site map prepared by the City in 2003 that Ogden points to as his authority to continue his practices specifically states vehicles may not be displayed *or stored* on the adjacent mobile home park property. The only place vehicles could be displayed *or stored* according to the map was within the boundaries of the auto sale property. Ogden admitted at trial and on appeal he was storing vehicles on the mobile home park property. We

conclude the City satisfied its burden of proof to show Ogden unlawfully expanded his nonconforming use of the property.

We therefore affirm the district court's decision.

**AFFIRMED.**